## Commonwealth v. Klobe

*Robert O'Connor, Assistant District Attorney,* for Commonwealth.

*J. Michael Williamson,* for defendant.

BROWN, *P.J.,* January 21, 1981—On June 21, 1980, at approximately 7:00 p.m., Trooper Robert Gingrich of the Pennsylvania State Police was on traffic duty. He was then observing the intersection of Legislative Route 18030 and U.S. Route 220 in Lamar Township while operating a radar speed timing device. He was located on the eastern half of that intersection parked on Legislative Route 18030 facing west while in uniform and in an unmarked green vehicle.

At about this time, he saw two pickups travelling south on U.S. Route 220 with the trailing vehicle, a 1980 black Dodge being operated by defendant, in the process of overtaking the forward vehicle at the marked intersection of U.S. Route 220 and Legislative Route 18030. After the black vehicle had cleared the intersection, Trooper Gingrich used the Decatur Ray Gun which he was operating and locked defendant's speed in at 71 miles per hour. The applicable speed limit for this sector of U.S. Route 220 was 55 miles per hour.

Trooper Gingrich then pulled onto Route 220 in pursuit of defendant's vehicle using his four way

flashers and headlights in an effort to apprehend defendant. Defendant proceeded south on U.S. Route 220 to the approach ramp (Exit 26) for westbound traffic on Interstate 80 at which point he executed a right turn and proceeded to enter Interstate 80. Trooper Gingrich continued his pursuit onto Interstate 80 where he observed defendant enter the right hand lane of Interstate 80 travelling west side by side with another vehicle travelling in the left hand lane of Interstate 80. Shortly after getting on Interstate 80, the trooper observed defendant change lanes and pull in front of the vehicle to his left in an attempt to enter an emergency vehicle crossover which permitted passage to the eastbound lanes of Interstate 80. As this traffic move was being executed the vehicle in the left hand lane had to execute a severe braking action in order to avoid colliding with defendant's vehicle as it pulled in front of him.

Trooper Gingrich then followed defendant's vehicle into the emergency vehicle crossover and observed him next pull out in front of two tractor trailers which were travelling side by side in the eastbound lane of Interstate 80. Both of these vehicles had to apply their airbrakes in an effort to avoid a collision with the defendant's vehicle. Trooper Gingrich eventually stopped defendant on Interstate 80 approximately one mile east of Exit 26. Defendant then exhibited his operator's license and registration card.

At the time Trooper Gingrich had only one citation in his possession which he issued to defendant for a speeding violation of 71 miles per hour in a 55 mile per hour speed zone. Trooper Gingrich began his tour of duty that day with three citations in his possession; he had previously used two of these

with the last one having been used at approximately 4:32 p.m. At the time Trooper Gingrich was about 15 to 16 miles from his home station and he advised defendant that more citations would be filed with a district justice with regard to other vehicle violations that he felt had occurred during the course of this incident.

Subsequently, on June 23, 1980, Trooper Gingrich filed four additional citations against defendant. These included alleged violations of the Vehicle Code, 75 Pa.C.S.A. § 101 et seq., as follows:

(1) Reckless driving—§ 3714

(2) Limitations on driving on left side of roadway—§ 3306(a)(2)

(3) Driving on divided highways—§ 3311(b)

(4) Vehicle entering or crossing roadway—§ 3324.

## Discussion and Conclusion of Law

Initially, defendant has challenged the procedure by which he has been brought into court upon these charges. Specifically, he argues that Trooper Gingrich was in error in not issuing citations to him at the time of the offense as provided by Pa.R.Crim.P. 51A.(1)(a). This argument relates to all of the charges except for the speeding violation. The Commonwealth contends that the citations were properly filed under Pa.R.Crim.P. 51A.(1)(b). The Commonwealth's argument is based upon the provision of that rule which permits a police officer to file a citation with the issuing authority when it is not feasible for him to issue a citation to the defendant. It is argued that the fact that Trooper Gingrich was limited to the one citation in his possession did not make it feasible for him to issue the remaining four citations.

Defendant relies on Com. v. Wilkinson, 13 D. & C. 3d 664 (1979), wherein the lower court held that Pa.R.Crim.P. 51A.(1)(b) was not applicable to a situation where the arresting officer had an insufficient number of citations in his possession at the time the defendant was stopped for alleged violations. The court reasoned that if the arresting officer had insufficient citations in his patrol car it was incumbent upon him to secure others if he continued on duty. There apparently have been no appellate court decisions ruling on this issue.

After considering the parties' respective arguments, as well as Wilkinson, supra, the court finds that under the circumstances of this case, it was not feasible for Trooper Gingrich to issue the challenged citations directly to defendant at the time in question. Until there is appellate authority interpreting Pa.R.Crim.P. 51 to require police to constantly have a sufficient number of citations with them to cover every possible arrest situation, the court is reluctant to impose such an absolute duty upon law enforcement personnel. In this case the court can perceive of no prejudice to defendant by the lack of issuing citations directly to him when the citations in question were filed within two days of the incident, and summons were promptly mailed to defendant by the issuing authority. To hold otherwise elevates procedure over substance.

With regard to considering the charges on the merits, the court accepts the Commonwealth's evidence as it relates to the speeding charge. Notwithstanding defendant's arguments regarding questioning the accuracy of radar generally and as to whether the defendant's vehicle was adequately targeted by the device, the court finds the evidence to be credible in establishing that he was driving 71 miles per hour as indicated by the timing device. In

similar fashion, defendant's overtaking of a vehicle when his speed was timed constitutes a violation of section 3306(a)(2) by his operation of a vehicle on the left side of a roadway within 100 feet of an intersection.

With regard to defendant's vehicle operating on Interstate 80, the evidence supports a finding of reckless driving under section 3714. His pulling into the left westbound lane in front of another vehicle was a flagrant manifestation of careless disregard for the safety of persons or property as envisioned by section 3714. Likewise, defendant's entering into the eastbound lanes of Interstate 80 in front of two tractor trailers constituted a failure to yield the right-of-way as required by section 3324, and he thus violated that statute.

The charge brought under section 3311 is somewhat more questionable. A reading of that entire section seems to suggest that crossover openings linking divided highways may be used for turns by vehicular traffic unless official traffic control devices are installed prohibiting such turns as provided by section 3311(b). In the absence of evidence indicating that such control devices were installed at the crossover used by defendant, he must be found not guilty of violating section 3311.

## ORDER

And now, January 21, 1981, based upon the foregoing memorandum, the court finds defendant guilty of: (1) speeding (71 mph in a 55 mph zone) in violation of section 3362(a)(2) of the Vehicle Code, and sentences him to pay a fine of $57 and the costs of prosecution; (2) reckless driving in violation of section 3714 and sentences him to pay a fine of $25 and the costs of prosecution; (3) limitations on

driving on left side of roadway in violation of section 3306(a)(2) and sentences him to pay a fine of $25 and the costs of prosecution; (4) vehicle entering or crossing roadway in violation of section 3324 and sentences him to pay a fine of $25 and the costs of prosecution; and finds the defendant not guilty of illegally crossing over a divided highway under·section 3311.